In re **BURLINGTON MOTOR HOLDINGS, INC.**, Burlington Motor Carriers Inc., Spirit Transportation Inc., BNMC Real Estate Inc. and BMC Equipment Inc., Debtors.

Burlington Motor Carriers Inc., Plaintiff,

v.

**Rick's Trailer Repair Center, Defendant.**

Bankruptcy Nos. 95–1559 to 95–1563.
Adversary No. A–97–813.

United States Bankruptcy Court,
D. Delaware.

Feb. 17, 1999.

Clerk is directed to close the three identified cases.

Tobey M. Daluz, Reed Smith Shaw & McClay LLP, Philadelphia, PA, Karen C. Bifferato, Connolly, Bore, Lodge & Hutz, Wilmington, DE, for Burlington.

Clifford B. Hearn, Jr., Clifford B. Hearn, Jr., P.A., Wilmington, DE, for defendant.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

This is a complaint to avoid a preference. Trial was conducted on January 25, 1998. The evidence submitted by Defendant Rick's Trailer Repair, Ex. D–1, shows prepetition payments by Burlington ranging from 0 to 383 days after the invoice date. There was no consistent pattern to Burlington's payment cycle other than the fact that Burlington collected invoices and paid them in batches through one check. Only one disputed payment was made in the preference period, i.e., check # 10048770, in the amount of $17,960 and it covers invoices dated from July 12 – September 13, 1995.

The checks issued from January 20 through June 15, 1995, (per Ex. D–1) show time periods between invoice and payment dates ranging from 21 to 90 days, with an average of approximately 52 days. The court credits the testimony of Richard Hansen that prior to the preference period, Burlington paid in 30–60 days, and finds that payment of invoices within 60 days of the invoice date are not subject to preference avoidance.

Burlington was directed to provide a list of the number of days between invoice dates and the check clearing date in the preference period per Burlington's Ex. P–7 and P–8. Burlington failed to do so. The copies provided to the court are illegible and the court cannot compute the information and cannot correlate Ex. P–8 with the check in dispute (Check # 10048770). Thus, plaintiff shall cal- culate the preferential portion of the disputed claim, the unsecured avoided portion and submit an order to the court. The preference shall apply only to payments that cleared the bank 61 days and longer after the invoice date.

## ORDER

Upon consideration of the Complaint to Avoid Preferential Transfers and to Recover the Amount of Such Transfers (the "Complaint") filed by Burlington Motor Carriers Inc. (the "Plaintiff"); and upon consideration of the answer (the "Answer") of Rick's Trailer Repair Center (the "Defendant"); and upon the record of the hearing held before this court on January 25, 1999 in connection with the Complaint and Answer (the "Hearing"); and adequate and sufficient notice of the hearing having been given, and no further notice being necessary; and after due deliberation and good and sufficient cause appearing therefor; and for the reasons expressed in the foregoing Memorandum Opinion,

It is hereby **ORDERED** that within 10 days hereof, Plaintiff shall calculate the amount, if any, of the payments 61 days and longer past the invoice date and submit a Judgment Order avoiding same as a preference. The avoided portion is allowed as a general unsecured claim. The Order shall calculate and provide a credit for the 5% distribution on the avoided, unsecured portion of the claim.

This order is not a final order.

Upon entry of the judgment order, this adversary shall be closed.

---

1. This constitutes the court's findings of fact and conclusions of law.